UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CUMBERLAND MUTUAL FIRE INSURANCE COMPANY | : | |
| | : | |
| Plaintiff(s) | : | |
| | : | |
| v. | : | Case No. 04-1503 |
| | : | |
| S. C. JOHNSON & SON, INC. | : | |
| | : | |
| Defendant. | : | |

## STIPULATED PROTECTIVE ORDER

WHEREAS, in the course of discovery in this civil action, S. C. Johnson & Son, Inc. ("SC Johnson") has agreed to disclose information that contains its trade secrets, proprietary information and other confidential business information (collectively "confidential information") to plaintiffs; and

WHEREAS, the Court and the parties deem it appropriate to provide for the protection of that confidential information;

IT HEREBY IS ORDERED that this Stipulated Protective Order be entered pursuant to the Federal Rules of Civil Procedure:

1.    This Stipulated Protective Order shall govern the use of all information that is produced in this case, including documents produced in response to requests for production, interrogatory answers, responses to requests for admissions, and any deposition, hearing or trial testimony that is designated as "CONFIDENTIAL" by SC Johnson.

2.    Information that is designated as CONFIDENTIAL shall only be used by plaintiff's counsel in this case and may be disclosed only to the following:

(A)    Plaintiffs' counsel of record and their staffs;

(B)    Persons who are retained by a party as expert witnesses or as non-testifying consultants after they comply with Paragraph 3 of this Order;

(C)    Any persons who are designated to receive CONFIDENTIAL material by this Court; and

(D)    Any deponent, hearing or trial witness at the time of his/her testimony.

3.    The persons described in Paragraph 3(B), (C) and (D) shall not be given access to CONFIDENTIAL information until they have certified that they have read this Order, have agreed to be bound by it and have signed a copy of the attached "ACKNOWLEDGMENT." Each ACKNOWLEDGMENT except those of non-testifying consultants shall be served upon counsel for SC Johnson by facsimile and United States Mail and disclosure of CONFIDENTIAL material to such person shall not be made until five (5) business days after the date of that service. An ACKNOWLEDGMENT of a non-testifying consultant shall be served in the same manner at the close of this case.

4.    Each recipient of CONFIDENTIAL information must agree to subject himself or herself to the jurisdiction of this Court for any proceeding related to compliance with or violation of this Order.

5.    Each recipient of CONFIDENTIAL information shall keep that information in a manner that will maintain its confidentiality and will not share that information with any person, other than plaintiff's counsel or other persons who have signed an ACKNOWLEDGMENT.

6.    SC Johnson shall designate CONFIDENTIAL information as follows:

(A)    In the case of documents and discovery responses by placing the legend "CONFIDENTIAL" on each page of each document.

(B)    In the case of depositions, designation of those transcripts that contain CONFIDENTIAL information shall be made by a statement on the record during the deposition by SC Johnson counsel. Upon such designation by counsel, the cover page of the deposition transcript and each exhibit that contains CONFIDENTIAL information shall be identified by the court reporter as CONFIDENTIAL. The court reporter shall have the obligation to segregate all portions of the transcript and all deposition exhibits that have been designated as containing CONFIDENTIAL testimony or information by placing those portions of the transcript and exhibits in a sealed envelope at the end of the transcript that shall be marked as CONFIDENTIAL and that shall include a copy of this Stipulated Protective Order.

7.    Nothing in this Order shall prevent any party from using CONFIDENTIAL material in connection with any pleadings filed in this case, provided that such materials shall be filed under seal or submitted to the Court for in camera inspections.

8.    Plaintiff shall have the right to challenge SC Johnson's designation of information or testimony as CONFIDENTIAL. In order to challenge a CONFIDENTIAL designation, plaintiff's counsel first must give written notice to all SC Johnson counsel of record that identifies the specific CONFIDENTIAL designation that is being challenged and that states the basis for the challenge. SC Johnson counsel shall have seven (7) working days to respond in writing to plaintiff's counsel. If SC Johnson does not withdraw the CONFIDENTIAL designation, then the parties shall work in good faith to resolve their dispute with regard to the designation. If such good faith efforts are not successful, plaintiff may, upon certification that a good faith effort has been made to resolve the dispute, seek appropriate relief from this Court. The burden shall be on SC Johnson to establish that the challenged designation was appropriate. Plaintiffs are not obligated to challenge the propriety of a CONFIDENTIAL designation at the

time it is made by SC Johnson, and failure to do so shall not preclude a subsequent challenge by plaintiffs.

9.     The Clerk of the Court is directed to maintain under seal all materials filed by any party, which are designated as CONFIDENTIAL. The procedures for use of CONFIDENTIAL material at hearings or trial will be resolved by the Court as appropriate. It is specifically ordered that no document or material bearing the designation CONFIDENTIAL shall be published to the jury and that SC Johnson will provide a clean copy of the document to plaintiffs prior to its use before a jury.

10.    The unintended disclosure by SC Johnson of CONFIDENTIAL material that has not been designated as such at the time of disclosure, shall not be deemed a waiver of SC Johnson's claim of confidentiality, either as to the specific information disclosed or as to any other confidential information relating to it. Counsel for the parties shall to the extent possible, upon discovery of an unintended error, cooperate to restore the confidentiality of the CONFIDENTIAL material that was unintentionally disclosed.

11.    This Order shall not be construed to apply to any information that is otherwise available to the public or that plaintiffs can demonstrate already was known to plaintiff or her representatives at the time of its production by SC Johnson.

12.    Within sixty (60) days after the termination of this litigation all materials designated as CONFIDENTIAL, including all copies, shall be returned to SC Johnson counsel. The actual costs associated with this return of CONFIDENTIAL materials incurred by plaintiffs shall be paid by SC Johnson. Each law firm that is counsel of record for plaintiffs on the date of the entry of this Protective Order may keep one set of the CONFIDENTIAL information that has been produced by SC Johnson at the close of this litigation provided that the records are

preserved so as to maintain their confidential nature and those records may not be disclosed to any person for any purpose without the knowledge and consent of SC Johnson and/or this Court.

13.    The Protective Order shall be signed in multiple counterparts.

Respectfully submitted,

_____
James P. Hall
Attorneys for Defendant

_____
Thomas P. Schult

_____
Daniel P. Bennett
Attorney for Plaintiffs

_____
Michael F. Wallace

## ORDER

IT IS SO ORDERED.

_____
Judge

APPROVED:


PHILLIPS, GOLDMAN & SPENCE, P.A.


By:_____
   James P. Hall
   1200 N. Broom Street
   Wilmington, Delaware 19806
   Telephone:  302-655-4200

BERKOWITZ OLIVER
WILLIAMS SHAW & EISENBRANDT LLP


By:_____
   Thomas P. Schult
   Two Emanuel Cleaver II Boulevard, Suite 500
   Kansas City, Missouri 64112
   Telephone:  816-561-7007
Attorneys for Defendant



HECKLER & FRABIZZIO


By:_____
   Daniel P. Bennett
   The Corporate Plaza
   800 Delaware Avenue
   Suite 200
   P.O. Box 128
   Wilmington, Delaware 19899
   Telephone:  302-573-4800

LAW OFFICES OF ROBERT A. STUTMAN, P.C.


By:_____
   Michael F. Wallace
   399 A Route 73 North
   West Berlin, New Jersey 08091
   Telephone:  856-767-6800
Attorneys for Plaintiffs

## ACKNOWLEDGMENT

The undersigned _Bryan C. Crothers_ hereby acknowledges that: he or she has received a copy of the Stipulated Protective Order entered in the case of <u>Cumberland Mutual Fire Insurance Company (Bryan Crothers) v. S.C. Johnson, Inc. & Son</u>, Case No. 04-1503 (D. DE.); has read and understood the Stipulated Protective Order; agrees to be bound by it; and by signing this ACKNOWLEDGMENT submits to the jurisdiction of the federal court for the District of Delaware for the adjudication of all matters related to the Order.

Dated: _12 July 05_

_[signature]_
Signature

_Bryan C. Crothers_
Name (printed)

_773 Parsons Corner Rd_
_Hartly De 19953_
Address

7